## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS,
## SHERMAN DIVISION

| | | |
|---|---|---|
| **Jef Mindrup** | § | |
| | § | |
| Plaintiff | § | Civil Action Number : _____ |
| | § | |
| v. | § | |
| | § | Jury Demanded |
| **Goodman Networks, Inc.** | § | |
| | § | |
| Defendant | § | |
| | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

Jef Mindrup ("**Plaintiff**") brings this action against Goodman Networks, Inc. ("**Defendant**") and shows as follows:

### Nature of Suit

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to provide appropriate relief to Jef Mindrup who was adversely affected by Defendant's unlawful employment practice.  Plaintiff alleges that Defendant violated Title VII by discriminating against him because of his religion when Defendant fired him when he refused to add quotes from the Bible to Defendant's daily newsletter "The Morning Coffee."

2.      After working for Defendant over an eight-year period Plaintiff, a practicing Buddhist, was unlawfully terminated because of his sincerely held religious beliefs.

**Jurisdiction and Venue**

5.       This action is brought to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

6.       This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331 and 1343.

7.       Venue is proper in the Eastern District of Texas pursuant to Section 706(f)(3) Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

**Parties**

8.       Plaintiff is an individual who was employed by Defendant within the meaning of Title VII.

9.       Defendant is a corporation, existing under the laws of Texas, whose corporate headquarters is located at 6400 International Parkway, Suite 1000, Plano, TX 75093.

10.      At all relevant times Defendant has continuously had at least fifteen (15) employees.

11.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

### Exhaustion of Administrative Remedies

12.     Plaintiff has exhausted his administrative remedies. On December 18, 2012 he timely filed an administrative charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC").

13.     The EEOC issued a right-to-sue letter on December 23, 2013. Plaintiff brings this suit within 90 days of his receipt of the right-to-sue letter from the EEOC.

### Statement of Facts

14.     At all relevant times, Defendant has employed more than 500 employees nationwide.

15.     Plaintiff was employed by Defendant as its Director of Marketing Communications.

16.     As part of his duties, each morning Plaintiff wrote and sent out by email a daily message called The Morning Coffee to all employees of Defendant.

17.     Plaintiff wrote The Morning Coffee for approximately six years.

18.     On March 14, 2012 Plaintiff was directed by Jody Goodman, who is (a) one of the co-founders of the Company; (b) a member of the Company's Board of Directors; (c) the company's Corporate Secretary; and (d) the company's Vice President of Staffing, Corporate Travel and Diversity, to add Bible quotes to The Morning Coffee and to start doing so the next day.

19.     On March 15, 2012, Plaintiff sent an email to Mr. Goodman and responded as follows: "Jody, I am unable to add quotes or scriptures from the Bible as you've requested.   I have always taken great care to avoid any quotes that would offend others as well as my own personal religious beliefs."

20.     Thus, because of his sincerely held religious beliefs Plaintiff refused to promote the Christian religion as he had been requested to so do.

21.     Jody Goodman responded to Plaintiff's email saying, "I respect your beliefs."

22.     Despite Jody Goodman's acknowledgement of Mindrup's religious beliefs and Jody Goodman's apparent understanding of his need to accommodate Mindrup's beliefs, instead of accommodating Plaintiff's religious beliefs, on the following day, in an after-hours telephone call, Plaintiff was fired by Defendant for his refusal to include the Bible verses in The Morning Coffee.  He was fired without any warning or progressive discipline.

23.     In a later response to the EEOC Defendant took the position that Plaintiff was discharged pursuant to an apparently pre-planned and well-thought out reduction in force.  Defendant's reason was a pretext in an effort to cover up Defendant's illegal discrimination.

24.     As a result of Defendant's discriminatory refusal to accommodate Plaintiff's religious beliefs and Defendant's subsequent termination of Plaintiff, he lost his source of income and experienced emotional distress.

**First Claim for Relief**

25.     Plaintiff repeats and re-alleges the allegations set forth previously in the above paragraphs 1-24, inclusive, as though fully set forth herein.

26.     Defendant's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which makes it unlawful to discriminate against employees on the basis of religion.

27.     Defendant discriminated against Plaintiff in violation of Title VII when it terminated him because he refused to add Bible quotes to The Morning Coffee and refused to conform to the Defendant's religious practices and beliefs.

28.     Defendant's unlawful conduct also included failing to accommodate Plaintiff on the basis of his religion by requiring him to prosthelytize the Christian religion, a religion other than his own.

29.     The result of the practices complained of in this First Claim for Relief has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

30.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial

31.     The unlawful employment practices complained of above were intentional.

32.     The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### Second Claim for Relief

33.     Plaintiff repeats and re-alleges the allegations set forth previously in the above paragraphs 1-32, inclusive, as though fully set forth herein.

34.     Defendant's conduct as herein alleged violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), which makes it unlawful to discriminate against an employee for opposing an unlawful employment practice.

35.     Plaintiff was terminated when he refused to participate in Defendant's Christian practices.

36.     The result of the practices complained of in this Second Claim for Relief has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

37.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial

38.     The unlawful employment practices complained of above were intentional.

39.     The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## Jury Trial Demand

40.     Plaintiff requests a trial by jury on all questions of fact raised in this Complaint.

## Prayer for Relief

41.     Wherefore, Plaintiff respectfully ask that he be awarded a judgment against Defendant for the following:

        a.     Actual damages including but not limited to pecuniary losses, non-pecuniary losses, back pay, front pay and compensatory damages and all wages, salary, employee benefits, and other compensation denied to or lost by Plaintiff, in amounts to be proven at trial;

        b.     Damages for Plaintiff's past and future non-pecuniary losses including, but not limited to, emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

        c.     Exemplary and punitive damages;

        d.     Prejudgment and post judgment interest;

e.      Attorneys' fees and costs of the action;

f.      All other relief to which Plaintiff is justly entitled.


Respectfully submitted:

The Law Office of Chris R. Miltenberger, PLLC


By:     _/s/ Chris R. Miltenberger_
        Chris R. Miltenberger
        Texas State Bar Number 14171200

1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff Jef Mindrup