# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JEF MINDRUP | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-157 |
| | § | Judge Mazzant |
| GOODMAN NETWORKS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jef Mindrup's Motion for Court to Review Bill of Costs Taxed by Clerk (Dkt. #91). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

The above-referenced case concerned claims of religious discrimination, failure to accommodate, and retaliation claims brought by Plaintiff Jef Mindrup against Defendant Goodman Networks, Inc. (Dkt. #67). On November 5, 2015, trial began in the case. On November 10, 2015, the jury rendered a verdict in favor of Defendant (Dkt. #85). On November 13, 2015, the Court entered its Judgment on Jury Verdict (Dkt. #88).

On November 23, 2015, Defendant filed its bill of costs with the Court (Dkt. #89). On November 30, 2015, the clerk entered the bill of costs in the amount of $7,032.10 (Dkt. #90).

On December 4, 2015, Plaintiff filed his Motion for Court to Review Bill of Costs Taxed by Clerk (Dkt. #91). On December 11, 2015, Defendant filed its response (Dkt. #92).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), costs, other than attorney's fees, should be granted to the prevailing party. Title 28, United States Code, Section 1920 sets forth which costs are taxable. Section 1920 allows recovery of the following costs:

1

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs for making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

The party seeking to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *Fogelman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991); *Faculty Rights Coal. v. Shahrokhi*, No. H-04-2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005). The district court has discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, No. Civ. A H-01-4242, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2006). In *Crawford*, the Supreme Court went on to hold that a federal court may refuse to tax costs in favor of the prevailing party. *Crawford*, 482 U.S. at 442. A court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Pacheco v. Meneta*, 448 F.3d 783, 794 (5th Cir. 2006) (citation omitted). The factors to consider in withholding costs include: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.* (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 234 (1998)). The Fifth Circuit went on to note that "every case cited by Wright and Miller for this proposition denies costs on the basis of *both* the

losing party's good faith *and* some other one or more of the factors listed above." *Id.* (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 238) (italics in original)). The Fifth Circuit further stressed that a losing party's good faith alone is insufficient to justify the denial of costs to the prevailing party. *Id.*

## ANALYSIS

Plaintiff contends that the Defendant may not recover costs because Defendant failed to confer with Plaintiff, as required by the Local Rules of the Eastern District of Texas (Dkt. #91 at pp. 1-2). "Rule 54(d) sets out no specific time limit for filing a bill of costs, effectively allowing a party to wait until after appeal." *Power-One, Inc. v. Artesyn Tech., Inc.*, No. 2:05-cv-463, 2008 WL 4065871, at *2 (E.D. Tex. Aug. 27, 2008) (citing *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 454 n. 17 (1982) (noting that Rule 54(d) specifies no time barrier for motions for costs)). This Court's Local Rule CV-54(a) states that:

> a party awarded costs by final judgment or by judgment that a presiding judge directs be entered as final under Fed. R. Civ. P. 54(b) must apply to the clerk for taxation of such costs by filling a bill of costs. Unless otherwise provided by statute or by an order of the presiding judge, the bill of costs must be filing with the clerk and served on any party entitled to such service no later than fourteen days after the clerk enters the judgment on the docket.

Local Rule 54(b) requires a party to confer with opposing counsel prior to filing a bill of costs to determine if there are any areas of disagreement in an effort to submit an agreed bill of costs.

As Defendant does not assert that they complied with Local Rule 54(b), the Court finds that Defendant failed to confer with opposing counsel prior to filing a bill costs and mandated by the Court's Local Rules. Defendant also failed to respond to Plaintiff's argument. Therefore, the Court finds that bill of costs should be denied in its entirety and stricken from the record for Defendant's failure to comply with the rules.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Jef Mindrup's Motion for Court to Review Bill of Costs Taxed by Clerk (Dkt. #91) is hereby **GRANTED**.

It is further **ORDERED** that the Clerk strike the entered Bill of Costs from the record (Dkt. #90).

**SIGNED this 12th day of May, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE